## 19922

William M. FAIRCLOTH, III, a minor under the Age of 14 years, by His Guardian Ad Litem, Harriet B. Faircloth, Appellant, v. William Russell WAHAB, a minor over the Age of 14 Years, and James H. Wahab, Respondents.

(210 S. E. (2d) 592)

*Messrs. Edens and Cooper,* and *Parker and Richardson,* of Columbia, *for Appellant,*

*Messrs. Richardson and Plowden,* of Columbia, *for Respondents,*

*Messrs. Edens and Cooper,* and *Parker and Richardson,* of Columbia, *for Appellant,* in Reply.

December 6, 1974.

BRAILSFORD, Justice:

This action for personal injuries arises from an intersectional collision between an automobile driven by the seventeen - year - old defendant and a motor - driven cycle (mini-bike) operated by the nine-year-old plaintiff. After depositions of the two parties had been taken, the court, concluding that there was no evidence of negligence on defendant's part and none that he had a last clear chance to avoid injuring plaintiff, whose cause of action was stated in terms of this doctrine, granted defendant's motion for summary judgment.

The plaintiff testified that he failed to heed the stop sign at the intersection because sand on the roadway prevented his doing so. The defendant testified that his vision to the right, from whence the child came, was obstructed by a brush pile about thirty feet from the intersection and that he did not see the child until both parties were about to enter the intersection. It is inferable that the parties approached the collision point at approximately the same speed, 20 to 25 miles per hour, and different inferences may be drawn as to the opportunity of each to observe the approach of the other.

Viewed in a light favorable to plaintiff, the evidence is susceptible of the inference that by the exercise of due care, the defendant should have seen the nine-year-old plaintiff on a mini-bike, approaching the intersection 20 or 25 miles per hour, in time to have avoided injuring him. If he did or should have done so, it is for the jury to say whether due care under the circumstances required him to take precautions while there was yet time to avoid the accident which ensued. If these questions should be resolved in his favor, plaintiff would be entitled to recover without resort to the

doctrine of last clear chance,* unless the jury should find that the legal presumption protecting one of his years from the bar of the defense of contributory negligence had been removed by the evidence. It follows that plaintiff, by casting his complaint on the doctrine of last chance, may have alleged more than he must prove to establish submissible issues.

In our view, genuine issues of fact as to defendant's actionable negligence and plaintiff's capacity for exercising that degree of judgment and discretion requisite to charge him with contributory negligence, required denial of the motion for summary judgment.

The judgment appealed from is reversed and the case remanded to the circuit court, where plaintiff may move for amendment of the complaint if he be so advised.

Reversed and remanded.

LEWIS and BUSSEY, JJ., concur.

Moss, C. J., and LITTLEJOHN, J., dissent.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would affirm the judgment of the lower court. The majority opinion suggests that the plaintiff may "be entitled to recover without resort to the doctrine of last clear chance, . . ." It goes further and suggests that "plaintiff may move for amendment of the complaint . . ." in the lower court. The lower court had to determine whether relief should be granted on the basis of the theory propounded in the complaint as submitted by the plaintiff. Whether the plaintiff may recover on a different complaint and a different theory was not before that court and I decline any comment relative to any theory other than that relied on by the plaintiff in the complaint.

The sole question for determination of this Court, as copied from the brief of the plaintiff, is as follows: "Is there

---

* The only office of which is to relieve a plaintiff of the consequences of his own antecedent negligence.

a genuine issue of fact as to whether the defendant driver could have averted the accident by the exercise of due care?"

It is obvious that the plaintiff proceeded solely under the doctrine of the last clear chance. The agreed statement reads in part as follows:

"The accident occurred when the plaintiff failed to stop for a stop sign, and rode his minibike into the path of the Wahab automobile. The complaint alleged that the defendant driver had the last clear chance to avoid the collision by exercising ordinary care in a number of ways, but failed to exercise such care. The answer denied any negligence of the defendants, and alleged sole negligence and contributory negligence of the plaintiff."

The granting of a summary judgment must necessarily be founded on our Circuit Court Rule 44, which states in part:

"The judgment sought shall be rendered forthwith if the pleadings and depositions, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The federal courts have produced many helpful guiding precedents in the application of their rule, which is similar to ours. Fed. R. Civ. P. 56(c), 28 U. S. C. A.

As a general rule:

"The function of the summary judgment is to avoid a useless trial; and a trial is not only not useless but absolutely necessary where there is a genuine issue as to any material fact.

"In a ruling on a motion for summary judgment the court's function is to determine whether such a genuine issue exists, not to resolve any existing factual issues; to deny summary judgment where there is a genuine issue as to any material fact; and to grant summary judgment, if

at all, where there is no such issue and on the substantive law the movant is entitled to judgment." 6 J. Moore, Federal Practice, § 56.15(1) at 2281 (2d ed. 1953).

It is the duty of the court, on a motion for summary judgment, not to try issues of fact, but only to determine whether there are genuine issues of fact to be tried; and, once having found that triable issues exist, it must leave those issues for determination at a trial. The problem besetting courts lies in deciding what is or what is not a "genuine issue as to any material fact."

There is no appreciable conflict in the evidence submitted to the court by way of depositions. On February 16, 1973, about 3:20 in the afternoon of a clear day, the plaintiff was traveling on his motor-bike westerly along Boulter's Lock Road where it intersects highway S-40. The plaintiff was required by a sign to "stop" at this intersection. The defendant was traveling in a northerly direction in his automobile along highway S-40, approaching the same intersection. The road on which the defendant was traveling was the dominant or through street. The plaintiff was approaching the intersection from the defendant's right. The area is residential in nature and a house was under construction to the defendant's right and to the plaintiff's left as they approached the intersection. Although the house did not obscure the view of either, a brush pile was located about 20 or 30 feet from the intersection which did at one point limit the view of the plaintiff and of the defendant of the other. Testimony is that the plaintiff was traveling about 20 to 25 miles per hour and that the defendant was traveling about 25 to 30 miles per hour. As indicated by the statement of the case, the plaintiff did not stop. In the complaint it is alleged that the failure to stop was "by reason of immaturity or some defect in his vehicle." In his deposition the plaintiff avers that he saw the car coming, tried to stop, slid right out into the street and could not stop "because there was sand on the road." The defendant

in his deposition averred that he saw the plaintiff "just a second or fraction more" before the collision. After seeing the plaintiff and realizing that he was not going to stop, the defendant put on his brakes and swerved to the right in an effort to avoid the collision. He further said that he engaged his brakes and skidded his car before the collision. The defendant's car hit the plaintiff with the left front bumper.

It is the contention of the plaintiff that despite his failure to stop for the stop sign, the defendant is liable because he had the "last clear chance" to avoid the collision subsequent to the delicts of the plaintiff.

If we accept the testimony in the light most favorable to the plaintiff, we must conclude that the plaintiff was traveling 20 miles per hour and the defendant was traveling 30 miles per hour. Since the two parties were on a collision course, it necessarily follows that one second prior to the impact the plaintiff was 29 feet from the intersection and the defendant was 44 feet from the intersection.

Plaintiff testified that he (who had no driver's license) had been told by the sheriff and his parents not to ride the motor-bike on the street. He said that he saw the stop sign, saw the defendant's car coming and tried to stop, but could not because "there was some sand on the street." The sand is described by the plaintiff as "sort of at the bottom of the hill where the stop sign was." The defendant avers that the stop sign was about 10 feet from the intersection.

The gravamen of plaintiff's argument on this appeal is that the motion for summary judgment should have been denied because a jury and not the judge should decide whether the defendant could have averted the collision after he discovered or should have discovered that the plaintiff was in a position of peril from which he could not extricate himself.

This Court has discussed the doctrine of the last clear chance in previous cases. This doctrine allows a plaintiff

who negligently subjects himself to a risk of harm to recover damages from a defendant if immediately preceding the harm

1. the plaintiff, after his negligent subjection to risk of harm, was unable to avoid the harm by exercising reasonable care, *and*

2. the defendant knew, or in the exercise of ordinary care should have known, of the plaintiff's helpless peril, *and*

3. the defendant, *after* he recognized or should have recognized the plaintiff's peril, was negligent in utilizing his then existing ability to avoid the harm to the plaintiff. *Jones v. Atlanta-Charlotte Air Line Ry. Co.*, 218 S. C. 537, 63 S. E. (2d) 476 (1951) ; *Nettles v. Southern Ry. Co.*, 211 S. C. 187, 44 S. E. (2d) 321 (1947).

Plaintiff argues that if the defendant had been driving slower and had been keeping a better lookout the collision would not have occurred. More specifically, plaintiff argues that the defendant should have seen the plaintiff before the brush pile was reached. Even considering a speed of 25 to 30 miles per hour too fast for a residential area, or even conceding that defendant should have seen plaintiff before reaching the brush pile, this negligent driving on the part of the defendant would have no effect on the outcome of the case. The last clear chance doctrine is not related to the antecedent or initial negligence of a defendant. It is concerned with the defendant's conduct *after* the peril of the plaintiff has been recognized or should have been recognized.

In the Restatement (Second) of Torts, § 479 (1965), a defendant's antecedent negligence is summarized as follows:

"If the defendant, after discovering the plaintiff's peril, does all that can reasonably be expected of him, the fact that his efforts are defeated by antecedent lack of preparation or a previous course of negligent conduct is not sufficient to make him liable."

In addition to presupposing a perilous condition existing on account of the negligence of either or both plaintiff and defendant, the doctrine also assumes that there was a time after such negligence when the defendant could and the plaintiff could not avert the accident.

If indeed the plaintiff was in a position of peril created by the sand on the hard-surface road, as he would now contend in his deposition, such peril was in point of time so close to the collision that we think as a matter of law the defendant had no "clear chance" to avert the injury. I am of the opinion that the defendant did all that could reasonably be expected after it was determined that the plaintiff would not stop. There is no genuine issue of fact; the sole cause of the plaintiff's injury was his own delicts.

Moss, C. J., concurs.